UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TIMOTHY W. ARNOLD | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-80 |
| | ) | |
| STATE OF TENNESSEE; SHERIFF | ) | |
| ED GRAYBEAL; CHIEF DOWNES; | ) | |
| and PAT HOLLIFIELD, Med. Dir. | ) | |

### **MEMORANDUM and ORDER**

Timothy W. Arnold, a prisoner in the Washington County Detention Center (WCDC), brings this *pro se* civil rights action for damages and injunctive relief under 42 U.S.C. § 1983, alleging that his right to medical care is being violated. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

account;

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

In his complaint, the plaintiff alleges that he has had two heart attacks; that he needs nitroglycerin—a life-sustaining medication—to treat his heart condition; that he has a nodule on his lung, which he suspects might be cancerous; that he also has had seizures and takes a medication for that as well; that his heart

---

[2] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

conditions are serious and can be documented by searching the records of the in-state and out-of-state hospitals in which he has been treated; and that, despite the seriousness of his medical conditions, he has been given none of his medications, other than a stomach pill and aspirin, which he has stopped taking because they are not helping his (stomach?) condition. Finally, he complains that he has been obliged to assist another prisoner who has seizures—a responsibility that belongs to the WCDC's medical care providers and one which the plaintiff is unqualified to assume.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown* and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must

3

Case 2:04-cv-00080   Document 6   Filed 07/07/05   Page 3 of 5   PageID #: 5

administratively exhaust his claim as to each defendant associated with his claims. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

The plaintiff asserts in paragraph II of his complaint that the WCDC has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because he "was not allowed to file this paperwork." (Presumably, "this paperwork" is the plaintiff's linguistic expression for "a grievance.")

The plaintiff, however, does not identify the person who denied his request to file a grievance, nor allege the date of his request, nor any of the circumstances surrounding the request. Nor does he contend that he made an attempt to file a grievance without a form, *see Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001), though he does maintain that he discussed his medical conditions and medications with two nurses. General allegations that he was denied a grievance are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Accordingly, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

4

A separate order will enter.

ENTER:

                                       s/Thomas Gray Hull
                                       THOMAS GRAY HULL
                                           SENIOR U. S. DISTRICT JUDGE